AUG. TERM 1835.

Davis
v.
Davis.

------◄●❊●►------

## Thomas J. Davis v. Elizabeth Davis.

The executor of an estate claimed certain slaves as his own proper-
ty—the widow of the testator applies to the county court to compel
him to inventory them as the property of the testator—which he is
ordered to do.—Held that it is not an order or decree from which an
appeal will lie from the county to the cir. ct.

APPEAL from the circuit court of Marion county.

Opinion of the court delivered by McGirk J.*

It appears by the record that Thomas J. Davis was and is the executor of the last will of his father S. Davis.— that as such he qualified and proceeded to execute the will. That the widow, Elizabeth Davis, moved in the county court of Marion county, for a rule on him to shew cause why he should not inventory five slaves, which she alleged formed a portion of the personal effects of the deceased, and which had not been by him inventoried as such. Davis the executor appeared in court, the court went into evidence with regard to the right of the property, the executor claimed the same as his own property —the court found the property belonged to the estate and decreed that the executor inventory the same. From

The executor of
an estate claimed
certain slaves as
his own property
—the widow of
the testator ap-
plies to the coun-
ty court to compel
him to inventory
them as the pro-
perty of the testa-
tor—which he is
ordered to do.—
Held that it is not
an order or decree
from which an ap-
peal will lie from

------

* Judge Wash absent.

AUG. TERM
1835.

Davis
v.
Davis.

the county to the
cir. ct.

this sentence the executor appealed to the circuit court—that court dismissed the appeal on the ground that no appeal would lie in such a case. The executor has appealed to this court. The question for this court to decide is whether in this case an appeal will lie from the county court to the circuit court.

The 21st sect. of the act respecting administration, makes it the duty of executors and administrators to make a full and perfect inventory from time to time &c. The 77th section of this act declares, "that if any person shall feel himself aggrieved by the decision of the probate court in the settlement of the accounts of any executor or administrator or in the apportionment of monies among creditors or by any order directing any excr. or admr. to pay legacies or make distribution, or by the decision of the court in ordering the sale of personal estate, on account that equal distribution cannot be made in kind, or in making any apportionment among the legatees or dis. tributees, or by the decision of the court on any motion for judgment against the administrator, where there are no heirs or legal representatives, for balances accruing to the estate, or by any judgment, order, or decree rendered upon any suggestion of waste according to the provisions of this act—it shall be lawful for such person to appeal therefrom to the circuit court at any time during the term &c., and in all cases not in this section enumerated, or in which an appeal is not allowed by this act, the decision of the probate court shall be final."

It is not pretended that the case at bar is provided for by the act unless it is embraced in this 77th section, but counsel insist, that the motion made in the county court is a suggestion of waste and therefore an appeal will lie under this section.

The language of the act is that an appeal will lie from a decision, order or decree rendered on any suggestion of waste according to the provision of this act. The 72nd section says "that if upon the settlement of any accounts of any executor or administrator it shall appear there are not sufficient assets to satisfy the whole of the demands, any creditor may suggest a waste and have the same tried &c."

The 73d section provides this may be done after final settlement. These are all the provisions in the act regarding waste. The case at bar is not either of the above cases. It is a case where the court ordered an executor to inventory property as belonging in their opinion to the estate.

We are well satisfied no appeal is allowed in this case. The judgment of the circuit court is affirmed with costs.